**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL SKIPWORTH,** ) | **CASE NO. 1:08CV1154** |
| ) | |
| Plaintiff, ) | **JUDGE DAN POLSTER** |
| ) | |
| v. ) | |
| ) | **MAGISTRATE JUDGE GREG WHITE** |
| **MARGARET BRADSHAW, Warden,** ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |

Petitioner, Michael Skipworth ("Skipworth"), through counsel, challenges the constitutionality of his conviction in the case of *State v. Skipworth*, Cuyahoga County Court of Common Pleas Case No. CR407903. Skipworth filed his Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on May 8, 2008. On October 14, 2008, Respondent Warden Bradshaw ("Respondent") filed a Motion to Dismiss. (Doc. No. 7.) Skipworth did not oppose the motion. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Skipworth's Petition be dismissed.

## I. Procedural History

### A. Conviction

In May of 2001, the Cuyahoga County Grand Jury charged Skipworth with twenty-two counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02; twelve counts of pandering sexually oriented matter involving a minor in violation of O.R.C. § 2907.322; three counts of corrupting another with drugs in violation of O.R.C. § 2925.02; one count of preparation of drugs for sale in violation of O.R.C. § 2925.03; and six counts of endangering

children in violation of O.R.C. § 2919.22. (Resp. Exh. 1.)

Skipworth plead guilty to one count of rape, two counts of pandering obscenity involving a minor, and one count of endangering children. (Resp. Exh. 3.) On October 23, 2001, the trial court sentenced him to an aggregate prison term of twenty-two years and classified him as a sexually oriented offender. (Resp. Exh. 4.) The trial court memorialized the sentence in two judgment entries. One entered on the record on October 26, 2001, pertained only to the court's finding that he was a sexually-oriented offender. A second entry, placed in the record on November 27, 2001, memorialized the sentence and stated that it "corrected entry notes of October 24, 2001[, by adding] number of days of jail credit."[1] *Id*.

### B. Direct Appeal

On December 24, 2001, Skipworth, *pro se*, filed a notice of appeal to the Eighth District Court of Appeals from the judgment entry entered on November 27, 2001. (Resp. Exh. 5.) The Court of Appeals *sua sponte* dismissed Skipworth's appeal "per App.R. 4(A)." (Resp. Exh. 6.) Although the court announced its decision on January 30, 2002, it was not filed and journalized until February 11, 2002. *Id*.

Skipworth did not appeal to the Supreme Court of Ohio.

### C. Post-Conviction Petition

On July 18, 2003, Skipworth, *pro se*, filed a motion to vacate and set aside his sentence in the trial court. (Resp. Exh. 7.) The State did not respond to this motion. On August 29, 2003, Skipworth, *pro se*, filed a "motion for judgment on pleadings" referring to the same claims raised in his motion to vacate. (Resp. Exh. 9.) Again, the State did not respond. In two separate entries, the trial court denied the motions. On November 14, 2003, the court denied Skipworth's motion for judgment. (Resp. Exh. 10.) On March 9, 2004, the court summarily denied his motion to vacate his sentence. (Resp. Exh. 8.)

On April 6, 2004, Skipworth, *pro se*, filed a notice of appeal to the Eighth District Court

---

[1] There remains some confusion as to the entries, however, this has no impact upon the Court's recommended disposition of the case.

of Appeals. (Resp. Exhs. 13 and 14.) On March 3, 2005, the state appellate court affirmed the judgment of the trial court, finding Skipworth's post-conviction petition untimely. (Resp. Exh. 17.) Skipworth did not appeal to the Supreme Court of Ohio.

### D. Mandamus Action

On March 7, 2005, Skipworth, *pro se*, filed a petition for writ of mandamus in the Ohio Supreme Court with supporting memorandum. (Resp. Exhs. 18 and 19.) He argued that his sentence violated recent United States Supreme Court cases rendering his sentence unconstitutional and requested resentencing. (Resp. Exh. 19.) The State filed a motion to dismiss. (Resp. Exh. 20.) On May 11, 2005, the Ohio Supreme Court granted the motion to dismiss. (Resp. Exh. 22.) Skipworth unsuccessfully petitioned the United States Supreme Court for writ of certiorari, which was denied on October 11, 2005. (Resp. Exh. 23.)

### E. Motion to Reinstate Appeal

On July 27, 2006, Skipworth, through counsel, moved to reinstate his direct appeal in the state appellate court, arguing that the court wrongly dismissed his original appeal as untimely. (Resp. Exh. 24.) On August 10, 2006, the state appellate court, without opinion, denied the motion. (Resp. Exh. 25.) On August 21, 2006, Skipworth moved for reconsideration. (Resp. Exh. 26.) The Cuyahoga County Public Defender's office filed an *amicus curiae* brief supporting Skipworth's request for reinstatement of his appeal. (Resp. Exh. 27.) On August 31, 2006, the prosecution notified the court that it had no objection to Skipworth's motion to reinstate the appeal. (Resp. Exh. 28.) On September 6, 2006, the state appellate court, again without opinion, denied the motion. (Resp. Exh. 29.)

Skipworth, through counsel, appealed to the Ohio Supreme Court raising a sole proposition of law:

> 1. A court of appeals abuses its discretion when it refuses, without opinion, to reinstate an appeal-of-right that was incorrectly dismissed, where a motion for reinstatement was made as soon as practicable after the defendant was able to secure the assistance of counsel.

(Resp. Exhs. 30 and 31.) On December 13, 2006, the Ohio Supreme Court denied leave to appeal. (Resp. Exh. 32.) Skipworth moved for reconsideration (Resp. Exh. 33), which the Court

3

denied on February 7, 2007. (Resp. Exh. 34.)

### F. Federal Habeas Petition

On May 8, 2008, Skipworth, through counsel, filed the instant Petition and asserted the following ground for relief:

> Ground One: Petitioner has been denied federal due process under the Fourteenth Amendment to the United States Constitution because the Ohio Court of Appeals have [sic] prevented him from pursuing an appeal of right by incorrectly dismissing his appeal as not being timely when it actually was timely, and then by refusing to reinstate his appeal when its [sic] error was brought to the attention of the Court of Appeals.

(Doc. No. 1.)

Skipworth's Petition is based on the state appellate court's alleged wrongful dismissal of his original appeal in January 2002. However, before the Court can address this issue, Skipworth's Petition must survive the Respondent's claim that it is time-barred or show that equitable tolling is applicable. *See Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, because Skipworth filed his habeas petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). In the AEDPA, Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims

> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

In the instant case, Respondent asserts that Skipworth's Petition is time-barred because it was not filed within the one-year limitations period. She contends that Skipworth's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on March 28, 2002, when the 45-day period for taking his direct appeal to the Ohio Supreme Court expired. From that date, he had one year, or until March 29, 2003 to timely file a petition. *See* Fed.R.Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Skipworth's Petition was not filed until May 8, 2008. Therefore, absent an alternate beginning date for the period of limitations or the applicability of tolling provisions, Skipworth's Petition is untimely.

The AEDPA tolls the one-year limitations period during the time while "'a properly filed application for State post-conviction or other collateral review . . . is pending.' § 2244(d)(2) [and t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006), *quoting Carey v. Saffold,* 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). The Supreme Court has held that the limitations period is not tolled during the ninety-day period that a petitioner seeking state postconviction relief could have sought certiorari from the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 128 S. Ct. 2, 3 (U.S. 2007); *Harrison v. Campbell*, 2007 U.S. App. LEXIS 26986 (9th Cir. 2007). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor

pending and a petitioner would not be entitled to statutory tolling while the petition was pending. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Considering that the judgment in Skipworth's state case became final on March 28, 2002, none of the later requested relief from that judgment would have tolled the limitations period. The record reflects that Skipworth did not file his first attempt to obtain relief, a motion to vacate and set aside his sentence, until July 18, 2003. By that time it was already too late for him to seek federal habeas review. No filing in state court can toll an already expired limitation period.

Furthermore, giving Skipworth the benefit of every doubt, by considering the state court's final act as the beginning date for calculation of the limitations period, his petition would remain time-barred. Skipworth's motion to reinstate his appeal involved collateral relief and was not part of his direct appeal. *Cf. Dicenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (*citing Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (motion for delayed appeal tolls the statute of limitations, but is not part of direct appeal.) The ninety-day period that Skipworth could have sought certiorari from the United States Supreme Court does not, under these circumstances, impact the running of the period of limitations. *See Lawrence*, 549 U.S. at 332. If the one-year period began to run on February 8, 2007, the day after the Ohio Supreme Court finally denied his leave to appeal, it would end one year later on February 8, 2008. As the instant Petition was filed on May 8, 2008, it was well beyond the one-year period.

Lastly, the Court must determine whether equitable tolling saves Skipworth's Petition. The petitioner bears the burden of proving that equitable tolling is applicable. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In order to be entitled to equitable tolling, Skipworth must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Although Skipworth argues that he has diligently pursued his rights, he has not identified any extraordinary circumstance that prevented him from filing a timely habeas petition. Indeed, he did not file a response to the Respondent's motion to dismiss. Therefore, Skipworth is not entitled to equitable tolling.

Without the benefit of equitable tolling, the instant petition is untimely and should be

dismissed.

### III.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends Skipworth's Petition be dismissed.

                                                 s/Greg White
                                                 United States Magistrate Judge

Date:  March 3, 2009

**OBJECTIONS**
**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**